[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  11-15490
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cv-00411-RH-GRJ


BERNARD C. MCGEE,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 8, 2013)

Before JORDAN, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Bernard McGee is serving a 40-year sentence following his 2004 Florida

conviction for robbery with a firearm and possession of a firearm. The sole issue in

this habeas corpus appeal is whether Mr. McGee's appellate counsel rendered ineffective assistance by failing to order a transcript of the voir dire proceedings.

Applying the deference required by 28 U.S.C. § 2254(d), *see Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011), we affirm the district court's denial of habeas relief. Even if we were to assume that counsel's failure to order the transcript of voir dire constituted deficient performance, Mr. McGee cannot show prejudice. As explained by the magistrate judge [D.E. 28 at 13-17] and the district court [D.E. 32 at 3-4], Mr. McGee's allegations do not demonstrate that his counsel would have been able to successfully argue on appeal that the trial court erred in not striking two jurors for cause. The district court therefore did not abuse its discretion in denying relief without requiring the state to produce the transcript and without holding an evidentiary hearing. *See, e.g.*, *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1073 (11th Cir. 2011) (evidentiary hearing is not required if habeas petitioner's allegations fail to make out a claim).

**AFFIRMED.**